UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lanell D. Monarrez,<br><br>Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc.; Walmart Inc dba Walmart #2592; Wal-Mart Real Estate Business Trust,<br><br>Defendants. | Case No. 2:21-cv-00431-ART-DJA<br><br>Order |

This is a slip-and-fall case arising out of Plaintiff slipping on a substance on the floor at Defendants' Walmart store. Plaintiff sues Defendants for damages, alleging negligence, negligent hiring, negligent training and supervision, and negligent retention. (ECF No. 1-3). Plaintiff moves for spoliation sanctions, arguing that Defendants failed to preserve the original version of the customer incident report, which would have been made on one of Defendants' iPads, and failed to take pictures of the floor before cleaning it of the liquid on which Plaintiff slipped. (ECF No. 39). Because the Court finds that the parties did not brief Federal Rule of Civil Procedure 37(e)—which is the appropriate rule under which the Court can issue sanctions for the destruction of electronically stored information—it denies Plaintiff's motion without prejudice.

**I.      Background.**

Plaintiff asserts that Defendants failed to preserve: (1) the electronic version of the incident report memorializing her slip-and-fall on a slippery substance on Walmart's floor; and (2) photographs Defendants' employees would have taken of the substance. (ECF No. 39). Plaintiff asks the Court to enter evidentiary sanctions: either a jury instruction providing a rebuttable presumption that Defendants were negligent or an adverse jury instruction that the incident report and photos would have been adverse to Defendants. (*Id.* at 8). Defendants argue

in response that Plaintiff's motion is a frivolous attempt to keep her case alive now that Defendants have filed a motion for summary judgment. (ECF No. 40). They also argue that their failure to preserve the evidence is harmless because Defendants have video footage of the incident that shows what happened. (*Id.* at 4). They conclude that the parties do not dispute whether there was a substance on the floor and thus, it does not matter that they did not preserve photos of the substance. (*Id.*).

Plaintiff replies that her motion is not the "frivolous attempt" Defendants argue and that the only reason she waited until now to file it was because Defendants asked to continue the depositions that form the factual basis of the motion. (ECF No. 41). She points out that the video footage of the incident is blurry at best and does not change the fact that Defendants failed to preserve the evidence. (*Id.* at 4). Regarding Defendants' assertion that the photos do not matter because Defendants do not dispute the substance being on the floor, Plaintiff points out that photos would have demonstrated just how obvious the substance was and whether Defendants should have noticed it. (*Id.* at 3).

However, neither party addresses the appropriate source of the Court's ability to issue the sanctions Plaintiff seeks: Rule 37(e). Plaintiff asks the Court to issue evidentiary sanctions under its inherent authority but does not explain why the Court should employ its inherent authority rather than Rule 37(e). And Defendants do not address the source of the Court's authority in its response.

**II.      Discussion.**

There are two sources for the Court's ability to issue sanctions: its inherent authority and Federal Rule of Civil Procedure 37. *See Ahern Rentals, Inc. v. Eure*, No. 2:20-cv-01680-JAD-BNW, 2022 WL 18670848, at *4 (D. Nev. Mar. 16, 2022). However, when it comes to spoliation of electronically stored information, the Advisory Committee Notes to the 2015 Amendment to Rule 37 provide that only Rule 37(e) sanctions are available. *See* Fed. R. Civ. P. 37, Advisory Committee Notes to 2015 Amendment. There does not appear to be any controlling United States Supreme Court or Ninth Circuit Authority stating whether the 2015 amendments to Rule 37(e) prohibit courts from imposing sanctions for destruction of ESI based on their inherent authority.

However, there is persuasive authority that says as much. An unpublished Ninth Circuit opinion recognized the limitation Rule 37(e) imposed on courts' inherent authority to sanction parties for destruction of ESI. In *Newberry v. City of San Bernadino*, 750 F.App'x 534, 537 (9th Cir. 2018), the Ninth Circuit explained that "[t]he parties framed the sanctions issue as invoking the district court's inherent authority" but "[t]he detailed language of Rule 37(e)…foreclose[d] reliance on inherent authority to determine whether terminating sanctions were appropriate." (internal quotation marks omitted).

District courts in the District of Nevada have recognized the same. *See, e.g.*, *Winecup Gamble, Inc. v. Gordon Ranch, LP*, No. 3:17-cv00163-RCJ-WGC, 2020 WL 3840420, at *3 n.1 (D. Nev. July 8, 2020) ("Defendant also moves for sanctions under the Court's inherent authority. However, the Advisory Committee Notes make clear that the 2015 amendment forecloses a court from imposing sanctions for spoliation of ESI under that basis."); *Indep. Techs., LLC v. Otodata Wireless Network, Inc.*, No. 3:20-cv-00072-RJC-CLB, 2020 WL 1433525, at *5 (D. Nev. Mar. 23, 2020) (Rule 37(e) "now provides the specific—and only—basis for sanctions for spoliation of ESI."); *Small v. Univ. Med. Ctr.*, No. 2:13-cv-0298-APG-PAL, 2018 WL 3795238, at *66 (D. Nev. Aug. 9, 2018) ("The 2015 amendment to Rule 37(e) now forecloses reliance on inherent authority or state law to determine whether and what sanctions are appropriate for a party's loss of discoverable ESI.") (internal quotation marks and citation omitted).

The Court finds this authority persuasive and believes that if the Ninth Circuit were to take up the issue in a published opinion, it would find that Rule 37(e) has limited the Court's inherent authority to sanction parties for spoliation of ESI. Accordingly, the Court does not believe that it has inherent authority to sanction Defendants for their alleged destruction of ESI. It therefore denies Plaintiff's motion for sanctions without prejudice.

### A. Sanctions under Rule 37(e).

Rule 37(e) sanctions are available when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and [the information] cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). The party arguing that spoliation has occurred has

the burden of showing that evidence was in fact destroyed or not preserved. *Colonies Partners, L.P. v. Cty. of San Bernardino*, No. 5:18-cv-00420-JGB-SHK, 2020 WL 1496444, *5 (C.D. Cal. Feb. 27, 2020). Two categories of sanctions exist. First, where the district court finds that the loss of information has prejudiced the moving party, the district court may order "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, where the district court finds that the offending party "acted with the intent to deprive another party of the information's use in the litigation," the district court may require an adverse evidentiary presumption, dismiss the case, or enter default judgment. Fed. R. Civ. P. 37(e)(2).

Here, Plaintiff asks that the Court rely on its inherent authority to charge the jury with a rebuttable presumption that Defendants were negligent. Alternatively, Plaintiff asks that the Court charge the jury with an adverse instruction that the destroyed documents would have been adverse to Defendants had they been preserved. As a preliminary matter, the Court finds the customer incident report and photographs to be ESI—and thus fall under the purview of Rule 37(e)—because they would have been taken and stored on Defendants' iPads had they been taken and preserved.

Crucially, however, Plaintiff relies on cases discussing the Court's inherent authority to assert that "the culpable state of mind includes negligence." (ECF No. 39 at 6) (citing *Brannan v. Bank of Am.*, No. 2:16-cv-01004-GMN-GWF, 2017 WL 4031442, at *2 (D. Nev. Sept. 13, 2017)). But Rule 37(e) delineates the sanctions available when a party did not act intentionally and when a party did. While Plaintiff argues that Defendants acted willfully, she does so in conclusory fashion and does not explain why their actions were willful as opposed to negligent. Under the inherent authority analysis, the distinction is less impactful. But it is directly related to the sanctions available to the Court under the Rule 37(e) analysis.

Because the parties have not briefed the issue of imposing sanctions under Rule 37(e), the Court will not engage in a Rule 37(e) analysis. It will instead deny Plaintiff's motion without prejudice. Plaintiff may refile her motion for sanctions under Rule 37(e) if she believes she can appropriately do so. Plaintiff is advised that if she refiles her motion, in addition to discussing all the other requirements of Rule 37(e), she should pay particular attention to the issue of whether

Defendants acted with the "intent to deprive [her] of the information's use in the litigation" under Rule 37(e)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for sanctions (ECF No. 39) is **DENIED WITHOUT PREJUDICE.**

DATED: February 22, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE